Thomas Pannel and John Prosser Surveyed 2200 Acres of Land upon the Branches of Mattapony and made a Division *R31 thereof, but never took out any Patent for the same But after-wards they made another Survey of 2500 Acres of which the 2200 Acres were parcel and for this 2500 Acres obtained a Patent granted to them by Sr. William Berkeley the 4th of November 1673. Before the passing of this Patent, the 28 Aug’t 1673. John Prosser made his Will and thereby Devised his part of 2200 Acres first Surveyed in these words
“ Item I give to my Sons jointly by name Roger and Anthony “ Prosser a Dividend of Land Containing one thousand and one “ hundred Acres lying upon Mattap’y Swamps to them and “ their Heirs for ever to be divided by Lot, when the eldest of “ them comes to age, and dying without Issue to be equally “ divided between the Surviving Brethren, yet this shall be no “ bar to hinder any of them selling his own porper Inheritance.” And he gave his Lands, not disposed of to his four Sons, and after passing the Patent John Prosser died leaving Issue four Sons, John his eldest Son & Heir Roger, Samuel and Anthony. “ Item I give to Anthony Prosser a Tract of Land lying at “ Mattapony Branches which was taken up between his Father “ John Prosser and myself Copartnership, the s’d Land I say “to be divided between my own Children and him and their “ Heirs for ever”
Thomas Pannel after making this Will died leaving Issue a Son and two Daughters, William, Mary and Isabella and his Wife enseint of a Son, who was born and Named Thomas Mary married one Francis Stone & Isabella married Rich’d Philips who died after her Father and left one Child a Daughter named Catherine who married one John Knight, After the death of Thos. Pannel and Isabella a moiety of the Land was divided into 5 parts whereof 2-5 were assigned to William the eldest Son 1-5 to Thomas the after born Child 1-5 to Mary Stone and the other 5th to Catherine the Daughter of Isabella
Anthony Prosser died in the life time of Roger leaving Issue Anthony his Son and Heir John Prosser the eldest Son of the Patentee died leaving [342] Issue Samuel Prosser his Son and Heir. This Samuel & Anthony 21. Jan’ry 1717. sold and Conveyed their Estate in these Lands to Francis and Anthony Thornton the Pits, who have ever since been in Possession thereof
John Knight and Catherine his Wife 24th March 1715 sold and Conveyed their part to them. So we say the Pits, are intitled to a moiety of the 2500 Acres and to 1-4 of the other moiety
*R32 John Buckner purchased William Pannels part Anno. 1707 and Devised it to Thomas Buckner one of the Defend’ts.
Richard Buckner the other Deft. Anno 1707. purchased Thomas Pannels part In the same year he purchased Mary Stones part by the Name of 844 Acres and 220 Acres
And Roger Prosser by Indentures of Lease and Release dated the 9th and 10th Days of January 1709 Conveyed to the same Richard Buckner and Larkin Chew his part of the Lands being by Estimation 550 Acres more or less
Roger Prosser and Samuel the Sons of the Patentee are dead without Issue
The Pits. Francis and Anthony Exhibit their Bill ag’t Richard Buckner and Thomas Buckner to have their parts assertained and to have Partition, they have Demurred to the Bill
But at the last Court the Demurrer was overruled and the Court Ordered the Pits. Title to be tried at Law and now the Case as it is above Stated is agreed between the Parties And the Question will be what part of the 2500 Acres Granted to Prosser and Pannel, the Pits, are intitled to or whether they have any Title, or any part, and in the determining this Question, two points must be considered
1. If the whole Patent accrued to Thomas Pannel upon the death of Prosser by Survivorship what portion of the Land Anthony Prosser and the Children of Pannel were respectively Intitled to under Pannels Will. Whether Anthony Prosser shall have a Moiety and the four Children of Pannel the other moiety as Tenants in Common, or Whether Each of them shall have 1-5. 2. If nothing Accrued to Pannel by Survivorship
Whether Roger and Anthony Prosser did take anything in the 1100 Acres by their Fathers Will which was made before the Patent passed. For if they cou’d take, the 4 Sons by the last General Clause might take the Residue.
As to the Survivorship I need say nothing to it, either one way or the other the Pits, have a Title to a moiety and 1-4 of the other moiety. But I take it there shall be no Survivorship in this Case in Equity.
[143] 1. If there was a Survivorship in the Case Anthony Prosser must have a Moiety as Ten’ts in Common and the four Children of Pannel were Tenants in Common of the other moiety.
For the Testor. declaring that the Land was taken up in Partnership between him and Prosser, his Intent clearly was *R33 that the Land shou’d go according to the Agreement, and that it shou’d be divided between Anthony and his Children in Moietys. Otherwise it must be Supposed that he did not intend to do Justice which cannot be in the Case of a Will
Then for the other moiety the 4 Children must be Tenants in Common by force of the words [Equally to be divided] which shall run to both moietys and so is the Case in 3. Mod. 209. Where a man Devised his Lands to his 3 Grand Children to have one moiety and the Daughter the other And the Court were all of Opinion that the Grand Children were Ten’ts in Common of their moiety
Then the Pits, will be intitled to one moiety and 1-4 of the moiety which was Isabellas part
2dly. If there be no Survivorship, Prossers Moiety is not disposed of His Will as to the 1100 Acres is void being made before he had a Title. The Statute of Wills is, That any Persons having Lands may by his Will dispose of them. This word, having imports two Things, to wit, Ownership and the time of Ownership, For to be able to Devise Lands a Man must have them at the time of making his Will 3. Co. 30. b. Butler and Bakers Case
If a Man by his Will devises all his Lands and afterwards Purchases other Lands the new purchased Lands shall not pass, for a Man can’t give that which he has not, and which was void in its original can never be good. If an Infant makes a Will it’s void, tho’ he come of full age before he die. So of a feme Covert, And in these Cases there is only a Personal disability viz. Ifancy Coverture, Here is a real disability, wanting the Thing, And the Constant form of Pleading is That the Testor was seized and being so seized made his Will Bunter vs Coke Salk. 237.
Then prossers moiety descended to his Heir at Law of whom the Pits, have purchased But perhaps the Case in Fitzgib. Devise 17 and Bro. Devise. 15. and Plowd. 344a. If a Man devise Lands Certain, as the Mannor of D. and Whiteacre and has nothing at the time of making the Will and after he purchases it, it shall pass by the Devise, because it shall be supposed that he intended to Purchase it And the Rule of Equity 1. Cha. Ca. 39. That if upon Articles for a Purchase the Purchasor dieth and Deviseth the Land before the Conveyance Executed, the Land passeth in Equity, And that [144] a Pur *R34 chase without a Conveyance is an Equitable Interest and is as well Deviseable as a Real Estate, the Vendor being Trustee for the Purchasor 2. Vern. 680. 1. Cha. Ca. ubi Sup. may be objected
If it be so the Defts. can have no more of Prossers moiety than Roger Prosser sold which was the half of 1100 Acres to him Anthony and the rest descend’d to Anthony the Heir at Law to the other Devisee
So upon the whole matter the Pits, are well intitled to one Moiety and 1-4 of the other moiety If'Tho’s Pannel took the whole Patent by "Survivorship. If he did not nothing passed by Prossers Will but' his moiety Descended to his Heir at Law of whom the Pits, have purchased. If any thing did pass Roger Posser sold 550 Acres, not claiming Anthonys part by Survivor-ship. Besides Roger and Anthony were Tenants in Common by the words of their Fathers Will. His directing that the Land shou’d be divided when the Eldest came of age and declaring if they die without Issue it shou’d be equally divided between the Surviving Brethren plainly shew his meaning that he cou’d not intend the Issue of either of the Sons shou’d be deprived of their Inheritance by Surviorship which is never favoured in Equity
The Court upon the Argument of this Case was of Opinion That the 1100 Acres passed by Prossers Will to Roger & Anthony as a Tenancy in Common.
That by the. Will of Thos. Pannel Anth’o Prosser was Intitled to so much as Vou’d make up that 1100 Acres a moiety of the whole which the Pit. had purchased. And that the Pits, were intitled to one fourth of the other moiety Isabella’s part
But the Lawyers on both sides the next morning met in the Secretarys Office to direct the Clerk in drawing the Decree, And I had Directed the drawing the Decree According to the Opinion above ment’d But the Lawyers for the Defts. telling the Clerk the moiety of the 1100 Acres was to be divided by Pannel’s Will between his Children And that the Pits, were Intitled to the other Moiety under Anth’o Prosser and that the Deft. R. B. to one half of the 1100 Acres and the Pits, the other half
So the Decree was drawn and being for my Clients Advantage I did not gainsay it.